IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEREMY WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | 8:03cv423 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DOUGLAS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing nos. 25 and 28, the Motions to Dismiss filed by the defendants. The plaintiff, Jeremy Webb, an inmate at the Douglas County Correctional Center ("DCCC"), asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs, in violation of the Eighth Amendment to the United States Constitution. The defendants are Douglas County, Nebraska, as well as correctional and medical personnel employed at DCCC.

The plaintiff complains of the defendants' delay in notifying him that he had tested positive for a venereal disease. However, the defendants point out that the plaintiff received immediate treatment for the condition, and, upon a second test after treatment, the plaintiff tested negative. The plaintiff does not deny those assertions. The defendants contend that the plaintiff has failed to state a claim upon which relief may be granted for violation of the Eighth Amendment, and they seek dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

The court agrees that the facts, as described by the plaintiff, simply do not amount to a violation of the Eighth Amendment. The Eighth Amendment requires prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). A prisoner's Eighth

Amendment rights are violated if prison officials show "deliberate indifference" to the prisoner's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-07 (1976).

More specifically, a viable Eighth Amendment claim consists of an objective component and a subjective component. Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998). See also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997): "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." Id.

The objective element of an Eighth Amendment claim requires a deprivation which, viewed objectively, is sufficiently "serious," that is, "the prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities;' or the prison official must incarcerate the inmate under conditions 'posing a substantial risk of serious harm.'" Simmons v. Cook, 154 F.3d 805, 807 (8th Cir. 1998) (citation omitted). In the context of medical care, for example, a medical need is "serious" if it "has been diagnosed by a physician as requiring treatment," or is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstead, 73 F.3d 174, 176 (8th Cir. 1995) (citation omitted).

The subjective element of an Eighth Amendment claim requires that an official act with deliberate indifference to inmate health or safety. Deliberate indifference means that the official both was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Deliberate indifference describes a mental state more blameworthy than negligence. A plaintiff is not required to show that the defendant acted for the very purpose of causing harm or with knowledge that harm will certainly result. Id., 511 U.S. at 835. However, "deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." Olson v. Bloomberg, 339 F.3d 730, 736 (8th Cir. 2003). See also Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003): "Deliberate indifference is 'a state of mind that is the equivalent of criminal recklessness.'" (Citation omitted.) Therefore, to satisfy the subjective component requires a finding of actual knowledge on the part of the defendant. See Coleman v. Rahija, 114 F.3d 778, 785 (8th Cir. 1997): "A prison official may be held liable under the Eighth Amendment if he or she knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."

Differences of opinion, mistakes, and even medical malpractice do not meet the exacting standard of the Eighth Amendment for cruel and unusual punishment. A plaintiff who alleges no more than his disagreement with the course of treatment provided to him does not demonstrate an Eighth Amendment violation. See, e.g., Jones v. Norris, 310 F.3d 610, 612 (8th Cir. 2002): "At best, [the plaintiff's] allegations state a difference in opinion between himself and his doctors or allege a mistake in classification or treatment. Neither differences of opinion nor medical malpractice state an actionable Constitutional violation." Accord Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991): "Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." See also Kayser v. Caspari, 16 F.2d 280 (8th Cir. 1994) (plaintiff's

3

disagreement with the course of treatment provided to him is not a sufficient basis for an Eighth Amendment claim).

In this case, the plaintiff received the benefit of treatment. He complains, not so much about treatment, as that he was not immediately informed of the nature of his condition. The delay in notifying the plaintiff appears from the allegations of the complaint to be attributable to mistake or inadvertence. At most, the plaintiff may have suffered emotional distress when he was shocked to learn of his diagnosis. However, he suffered no actual injury, as he received immediate treatment. In this case, the complaint contains no factual allegations sufficient to state a claim that the defendants deliberately disregarded an excessive risk to the plaintiff's health or rendered medical care "'so inappropriate as to evidence intentional maltreatment ....'" Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000)(citation omitted).

As the result of the resolution of the foregoing matters, the plaintiff's federal claims against the defendants will be dismissed with prejudice. The plaintiff also alleges claims of negligence arising under Nebraska law. With the dismissal of the federal claims, the plaintiff's claims under state law against the defendants will be dismissed without prejudice pursuant to 28 U.S.C. § 1367 (a court may decline to exercise supplemental jurisdiction over claims under state law when the claim(s) over which the court has original jurisdiction have been dismissed).

THEREFORE, IT IS ORDERED:

1. That filing nos. 25 and 28, the defendants' Motions to Dismiss the complaint, are granted to the extent set forth above; and

2. That a separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 20th day of April, 2005.

                                          BY THE COURT:

                                          <u>s/Laurie Smith Camp</u>
                                          Laurie Smith Camp
                                          United States District Judge